UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. DE LA TRINIDAD, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17CV731-WQH-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INVESTIGATOR**<br><br>**[ECF No. 15]** |

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983, claiming excessive force in violation of the Eighth Amendment and property damages. (ECF No. 1). On August 31, 2017, Plaintiff filed a Motion for Appointment of Courtroom Investigator, requesting that the Court appoint an investigator to assist him in preparing evidence. (ECF No. 15). Plaintiff contends that he needs the Court to appoint an investigator because his status as a prisoner greatly limits his ability to gather documentation for and litigate his lawsuit. (*Id.*)

Title 28, U.S.C. § 1915, authorizes federal courts to permit commencement of a suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire

filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a) & (b). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). Plaintiff has not shown any Congressional authority for the Court to pay for an investigator for him in this civil action. An incarcerated *pro se* plaintiff may have great difficulty pursuing his action from prison, but that does not mean that the Court can or must fund his efforts. He must find a way to prosecute his action within his financial means and consistent with his status as a prisoner.

Accordingly, Plaintiff's request for a private investigator is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 1, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge