UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON, CDCR #AZ-2648,<br><br>Plaintiff,<br><br>v.<br><br>A. DE LA TRINIDAD; R. FLORES; J. SOTO; D. LAMONT,<br><br>Defendants. | Case No.: 17cv731-WQH-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

On January 4, 2018, Plaintiff moved for appointment of counsel. (ECF No. 28). The Court has reviewed the submission and **DENIES** Plaintiff's motion for the reasons stated below.

Plaintiff claims that (1) he is unable to afford counsel, (2) he has tried to retain an attorney to no avail, (3) he has no access to phones, (4) the issues in this case are complex, (5) his incarceration impacts his ability to litigate the issues in this case, and (6) he is not qualified to present evidence or cross-examine witnesses. (ECF No, 28 at 1-3).

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). District courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent

indigent civil litigants upon a showing of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has litigated this case for over eight months without assistance of counsel. In that time, Plaintiff has demonstrated an ability to articulate his claims and his pleadings survived the early screening process. (See ECF Nos. 1, 9, 10, 11, 12, 15, 19). Further, Plaintiff's claims are not particularly complex, and although sufficiently plead to survive screening, Plaintiff has not demonstrated a likelihood of success on the merits.

Thus, Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge