UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER A. de la TRINIDAD, et al.,<br><br>    Defendants. | Case No.: 17cv731-WQH-MDD<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL** |

On May 17, 2018, Plaintiff filed the present motion asking for appointed counsel. (ECF No. 37). Plaintiff previously requested counsel on August 16, 2017, and January 8, 2018. (ECF Nos. 9, 28). Both of those requests were denied.

Plaintiff states that (1) he is unable to afford counsel, (2) he lacks the necessary funding to acquire an attorney, (3) he is limited in his ability to perform research, (4) he is uneducated in the law and not licensed to practice law, and (4) has made repeated unsuccessful attempts to obtain counsel. (ECF No. 37 at 1-2).

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). District courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent

1

indigent civil litigants upon a showing of exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has litigated this case for over a year without the assistance of counsel. In that time, Plaintiff has demonstrated an ability to articulate his claims and his pleading survived the early screening process. Further, Plaintiff has been able to articulate his position and advocate for himself in obtaining discovery from Defendants, including filing motions to compel with respect to his discovery practice. (ECF Nos. 39, 41). As the Court has previously indicated, Plaintiff's claims are not particularly complex and at this stage of the proceedings, Plaintiff has not yet demonstrated a likelihood of success on the merits. (*See* ECF No. 29).

As a result, Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: May 29, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge