UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER A. de la TRINIDAD, et al.,<br><br>Defendants. | Case No.: 17cv731-WHQ-MDD<br><br>**ORDER DENYING PLAINTIFFS MOTIONS TO COMPEL**<br><br>**[ECF Nos. 39, 41]** |

Before the Court are Plaintiff's Motions to Compel responses to Plaintiff's Request for Production of certain service history reports and answers to Plaintiff's second set of Interrogatories numbered 5 through 16. (ECF Nos. 39, 41).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

1

convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). In the context of prisoner litigation, requests for evidence of a defendant's prior bad acts is limited to grievances related to the allegation sin the lawsuit. See Robinson v. Adams, Case No. 1:08-cv-01380-A WI-SMS PC, 2011 WL 2118753, *17 (E.D. Cal. May 27, 2011) (inmate only entitled to complaints that alleged the use of excessive force as claimed in complaint).

Rule 33, Fed. R. Civ. P., governs interrogatory practice. Of relevance here, Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b).

# DISCUSSION

## 1. RFP No. 14

Plaintiff's RFP No. 14 requests that Defendants A. de la Trinidad, Flores, and Soto produce "for inspection and copying … the service history report for each individual named in the complaint." (ECF No. 39 at 1). Plaintiff supports his request by stating that the information is relevant, and supports his contention with case law from New York, Kansas, and Pennsylvania. (Id. at 2).

Defendants objected to RFP No. 14 stating that it was vague and ambiguous, overbroad, violated privacy rights, and by citing relevancy, confidentiality, and proportionality concerns. (ECF No. 52 at 2). Further, Defendants argue that the service reports are protected by the official information privilege. (*Id.*). Without waiving their objections, Defendants conducted a search for substantiated grievances against Defendants relating to the claims presented in his case, and for all three Defendants, found that none exist. (*Id.*).

Defendants indicate that they have conducted a search for relevant substantiated grievance complaints related to claims of excessive force and failure to protect an inmate from excessive force, the issues at hand in Plaintiff's lawsuit, and no records were produced. The Court is satisfied with Defendants' response and no further production is required. Defendants' objection for relevance is SUSTAINED.

## 2. Interrogatory Nos. 5-16

Plaintiff requests an order compelling Defendant De La Trinidad to provide complete answers to his second set of interrogatories, specifically interrogatories 5 through 16. (ECF No. 41). Plaintiff states that Defendants told Plaintiff that he had "exceeded the number of interrogatories allowed by

… Local Rule 33.1 [limiting interrogatories to 25 and requiring leave of court to serve additional interrogatories over the limit]." (*Id.* at 4). Defendants provide copies of their responses to the first and second set of interrogatories in support of their argument that Plaintiff has exceeded twenty-five interrogatories. (ECF Nos. 54-3, 54-4). The Court agrees that Plaintiff has served and received responses on his first twenty-five interrogatories and has not sought leave to serve additional interrogatories. Defendants' objection is SUSTAINED.

## CONCLUSION

As provided above, Defendants' objection to RFP No. 14 and Interrogatory Nos. 5-16 are **SUSTAINED**. Plaintiff's Motions to Compel further responses are **DENIED**.

**IT IS SO ORDERED.**

Dated: July 13, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge