UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER A. De La TRINIDAD, et al.,<br><br>Defendants. | Case No.: 3:17-cv-731-WQH-MDD<br><br>**REPORT AND RECOMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 34]** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' Motion for Summary Judgment be **GRANTED**.

## I. PROCEDURAL HISTORY

Sedric Eugene Johnson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*, after filing a civil complaint pursuant to 42 U.S.C.

1

§ 1983. (ECF No. 1, 2)[1]. On April 11, 2017, Plaintiff filed a Complaint claiming: (1) excessive force; (2) assault and battery by an officer; (3) failure to assist from a known threat; (4) cruel and unusual punishment; (5) denial of proper medical care; and (6) violations of his Equal Protection rights. (ECF No. 1 at 1-7).

On May 1, 2018, Defendants filed the instant Motion for Summary Judgment. (ECF No. 34). Defendants argue they are entitled to summary judgment because: (1) Plaintiff did not exhaust his available administrative remedies; (2) the favorable termination doctrine applies; (3) Plaintiff's handcuffing did not amount to excessive force; (4) Defendants were not deliberately indifferent to Plaintiff's medical needs and did not violate Plaintiff's due process rights; and (5) Plaintiff's injunctive relief claims are unavailable, therefore, his official capacity claims are barred. (*Id.* at 9-16).

On May 19, 2018, Plaintiff filed his first Opposition. (ECF No. 50). The Opposition stated that he included multiple documents that would establish there was a genuine issue of material fact. (*Id.* at 2). The only other documents provided, however, were a Proof of Service by Mail that was addressed to this Court and the Deputy Attorney General, as well as a copy of Plaintiff's mailed envelope. (*Id.* at 1-6).

On June 5, 2018, Plaintiff filed a second Opposition stating he provided the Court and Defendants a wide range of documents that would properly oppose Defendants' Motion for Summary Judgment. (ECF No. 52 at 2). The documents Plaintiff claimed he provided were not attached to the Opposition. (*Id.* at 1-8). Instead, Plaintiff attached: (1) a letter to the clerk regarding his

---

[1] All pincite page references refer to the automatically generated ECF page number, not the page number in the original document.

motion; (2) Plaintiff's Second Opposition; (3) a copy of Plaintiff's *Klingele/Rand* Notice; (4) a Proof of Service by Mail addressed to this Court and the Deputy Attorney General; and (5) a copy of Plaintiff's mailed envelope. (*Id.*).

On June 11, 2018, Plaintiff filed a third Opposition, which was a copy of Plaintiff's Second Opposition, including 940 pages of Plaintiff's discovery and discovery requests as exhibits. (ECF No. 56).

On June 19, 2018, Defendants filed a Reply to Plaintiff's Opposition. (ECF No. 60).

## II. STATEMENT OF FACTS

The facts are taken from Plaintiff's Declaration in support of his Complaint and are not to be construed as findings of fact by the Court. (ECF No. 10 at 1-9).

At approximately 7:19 AM on August 30, 2016, Officers De La Trinidad and Soto were working as security patrol officers when Plaintiff approached De La Trinidad to discuss a small bag of property he had intended to transfer with him to a new prison. (*Id.* at 2-3). De La Trinidad told Plaintiff he should have packed his bag the previous Friday if he wanted it to be transferred. (*Id.*). This led to an argument between Plaintiff and De La Trinidad, with De La Trinidad threatening to throw Plaintiff's bag away. (*Id.*). Plaintiff told De La Trinidad he would file a small property claim against De La Trinidad if he threw the bag away. (*Id.*).

Later, Plaintiff approached Officer De La Trinidad for a clothed body search. (*Id.*). Plaintiff claims during the search he was "pushed forward while being tripped from behind" and used his right hand to break his fall while De La Trinidad fell on top of him. (*Id.*). Plaintiff's right knee was

3

lacerated from the incident. (*Id.* at 5). Plaintiff also claims his head was slammed down by De La Trinidad's elbow. (*Id.* at 6).

Plaintiff was then handcuffed in a manner which he felt to be "cruel and unusual" because his left hand was "placed intentionally in the opposite direction [of his] right hand" and because the handcuffs were applied too tightly leading to Plaintiff sustaining indent marks. (*Id.*). Plaintiff was issued a Rules Violation Report that charged him with resisting an officer in his or her duties and was found guilty. (*Id.* at 8-9).

### III. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment states a judgment must be entered, "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "If reasonable minds could differ," however, judgment should not be entered in favor of the moving party. *Id.* at 250-51.

The parties bear the same substantive burden of proof as would apply at a trial on the merits, including plaintiff's burden to establish any element essential to his case. *Liberty Lobby*, 477 U.S. at 252; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence, which the moving party "believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477

4

U.S. at 323; *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary judgment, the nonmoving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff['s] favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323; *Liberty Lobby*, 477 U.S. at 249).

While the district court is "not required to comb the record to find some reason to deny a motion for summary judgment," *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988), *see also Nilsson v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988), the court may nevertheless exercise its discretion "in appropriate circumstances," to consider materials in the record which are on file but not "specifically referred to." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). However, the court need not "examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set

forth in the opposing papers with adequate references so that it could be conveniently found." *Id.*

In ruling on a motion for summary judgment, the court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "No valid interest is served by withholding summary judgment on a complaint that wraps nonactionable conduct in a jacket woven of legal conclusions and hyperbole." *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989).

Moreover, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). Nevertheless, "the district court may not disregard a piece of evidence at the summary stage solely based on its self-serving nature." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-498 (9th Cir. 2015) (finding plaintiff's "uncorroborated and self-serving" declaration sufficient to establish a genuine issue of material fact because the "testimony was based on personal knowledge, legally relevant, and internally consistent.").

## IV. DISCUSSION

### 1. Exhaustion of Administrative Remedies

Defendants argue none of Plaintiff's previously filed grievances contain any of the claims in Plaintiff's Complaint. (ECF No. 34 at 10). Defendants further argue that the "prison has no record of Plaintiff submitting any grievance addressing the issues in his Complaint." (ECF No. 60 at 4). Defendants contend Plaintiff's attached exhibits do not point to any disputed facts regarding whether Plaintiff exhausted his available administrative remedies. (*Id.*). Defendants maintain Plaintiff's administrative appeals only

6

apply to the guilty finding in his rules violation report and not any of the allegations made in this lawsuit. (*Id.*). Defendants argue they are entitled to summary judgment on all claims because they have established "through undisputed evidence that Plaintiff failed to exhaust administrative remedies." (*Id.* at 5).

Plaintiff contends he provided the Court and Defendants with "documents ... exhausting the grievence [sic] process." (ECF No. 52 at 2). Plaintiff further argues that during the process of exhausting his administrative remedies he was subjected to "harsher living conditions" which made it more difficult to seek relief. (ECF No. 56 at 11). Plaintiff argues it was futile to continue appealing because he felt that "any more attempts to exhaust the grievance process would [have] be[en] frivolous." (*Id.* at 11-12).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under . . . [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2014); *see also Booth v. Churner*, 532 U.S. 731, 736 (2001); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010). "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Prisoners must exhaust prison administrative procedures regardless of whether the type of relief they seek matches the type of relief available through administrative procedures. *See Booth*, 532 U.S. at 741; *see also Morton*, 599 F.3d at 945. But the PLRA requires exhaustion only of those

7

administrative remedies "as are available," and the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1223-1226 (9th Cir. 2010) (plaintiff's failure to exhaust was excused because he took reasonable steps and was precluded from exhausting by the warden's mistake).

Failure to exhaust administrative remedies is an affirmative defense that defendants must raise and prove. *See Jones v. Bock*, 549 U.S. 199, 212-217 (2007) (explaining that inmates are not required to specifically plead or demonstrate exhaustion in their complaints). Specifically, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) cert. denied sub nom. *Scott v. Albino*, 135 S. Ct. 403 (2014). After the defendant has met that burden, the prisoner has the burden of production. (*Id.*). "That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." (*Id.*). The plaintiff may rebut "by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." (*Id.*) (quoting *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants' motion establishes that the prison has no record of Plaintiff submitting any grievances with the same claims against the named Defendants in his Complaint. Although Plaintiff has filed numerous grievances regarding property issues, searches that occurred after the incident with Officer De La Trinidad, conditions of confinement relating to property, adjudication of guilt, and loss of good time credits; none of

8

Plaintiff's previously filed grievances include the same claims as his Complaint. By showing Plaintiff has never filed any grievances with similar claims, Defendants have effectively established that there were available administrative remedies for Plaintiff's current claims which he did not pursue and exhaust. As Defendants have met their burden to show Plaintiff had available remedies, the burden now shifts to Plaintiff.

Plaintiff opposes Defendants' claim by arguing he attempted to exhaust his available remedies. Nonetheless Plaintiff has not provided any evidence that he has filed a grievance with similar claims, or evidence of appealing or exhausting any administrative grievance with similar claims, in his Oppositions or his 940 pages of attached documents. Plaintiff has only made conclusory arguments that he attempted to exhaust the administrative process without providing any further evidence of the attempts. This is not enough to rebut Defendants' argument as Plaintiff has done nothing to establish that the grievance procedure was effectively unavailable to him or that he had properly exhausted the procedure. Therefore, Plaintiff has failed to meet his burden of production, which is a precondition to bringing suit in this Court.

Plaintiff contends he was subjected to severe living conditions which made it difficult to exhaust his claims. Plaintiff does not explain, however, exactly how his living conditions were made worse or how they made it more difficult for Plaintiff to file grievances. Further, Plaintiff has filed multiple unrelated administrative grievances since the alleged incident demonstrating that these living conditions have not impeded his ability to file grievances as he argues. Therefore, the living conditions Plaintiff claims he was subjected to are not a legitimate excuse to Plaintiff's exhaustion requirement.

Finally, Plaintiff concedes that he did not exhaust his claims, by stating he knew it would have been futile to take the grievance process any further. Plaintiff argues futility, but he does not provide any further information or evidence of the futility of further appeals. Plaintiff's conclusory statements are insufficient to find futility. *Hilao*, 103 F.3d at 778 n. 5. Thus, Plaintiff's argument regarding futility is not a legitimate exception to Plaintiff's exhaustion requirements.

Plaintiff has failed to provide any evidence that he attempted to exhaust his available administrative remedies before suing Officers De La Trinidad, Soto, and Lamont. Because Plaintiff did not administratively exhaust any of the claims in his Complaint prior to filing this law suit all of his claims are effectively barred.

In sum, the Court **RECOMMENDS** finding that Plaintiff's claims were not exhausted through the administrative process, and that Defendant's Motion for Summary Judgment should be **GRANTED**.

## VI. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; and (2) **GRANTING** Defendants' Motion for Summary Judgment.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **August 17, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **August 24, 2018**.

10

17-cv-00731-WQH-MDD

The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: August 3, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge